IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-12-D(2)

| | |
|---|---|
| NATASHIA FAY MCCANTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings[2] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Natashia Fay McCants ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and Disability Insurance Benefits ("DIB"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the parties' filings, the undersigned recommends that Plaintiff's memorandum be stricken and her Motion for Judgment

---

[1] Plaintiff's complaint names Carolyn W. Colvin in her official capacity as Acting Commissioner of Social Security as the defendant to this action. Nancy A. Berryhill is now the Acting Commissioner of Social Security and therefore is substituted as a defendant to this action. *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff has styled her motion as a "brief" [DE #19]. Because this brief is functionally equivalent to a Motion for Judgment on the Pleadings and supporting memorandum, it will be treated as such.

on the Pleadings [DE #19] be denied, Defendant's Motion for Judgment on the Pleadings [DE #20] be granted, and the Commissioner's decision be affirmed.

## STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and DIB on June 21, 2013, alleging disability beginning June 17, 2013. (R. 20, 148-49.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 69-99, 114-15.) On March 2, 2015, a video hearing was held before Administrative Law Judge L. Raquel Bailey Smith ("ALJ"), who issued an unfavorable ruling on May 29, 2015. (R. 20, 32.) On November 17, 2015, the Appeals Council denied Plaintiff's request for review. (R. 1-6.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to

re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Plaintiff's Motion for Judgment on the Pleadings

Preliminarily, the undersigned recommends that Plaintiff's memorandum in support of her Motion for Judgment on the Pleadings be stricken because it was neither prepared by Plaintiff nor by a licensed attorney. North Carolina law proscribes preparation of legal documents by any person other than a licensed attorney. N.C. GEN. STAT. § 84-4. Moreover, this court's local rules provide that only licensed attorneys admitted to practice before this court may represent civil litigants. *See* Local Civil Rule 83.1(d) (E.D.N.C. Dec. 1, 2016) ("Litigants in civil actions, except governmental agencies and parties appearing *pro se*, must be represented by at least one member of the bar of this court who shall sign all documents filed in this court . . . ."). Plaintiff has the right to represent herself and signed the memorandum at issue. However, it is clear from the face of the document that it was prepared by Ms. Brittany McCants, Plaintiff's non-attorney representative for her administrative review process. (Pl.'s Mot. J. Pldgs. *passim*; R. 104.)

3

Notwithstanding the recommendation that Plaintiff's memorandum be stricken and in light of the fact Plaintiff is proceeding in this court without legal representation, the undersigned has conducted a thorough review of the administrative record, including the medical evidence submitted below, in order to determine whether there is substantial evidence to support the Commissioner's factual findings and whether the Commissioner's decision was reached through the application of the correct legal standards.

### III. Disability Determination

In making a disability determination, the Commissioner uses a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

4

## IV. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since June 17, 2013, and that she meets the insured status requirements through December 31, 2018. (R. 22.) Next, the ALJ determined Plaintiff had the following severe impairments: "history of carpal tunnel syndrome, lumbago, recurrent major depressive disorder, post-traumatic stress disorder, and fatigue." (*Id.*) The ALJ identified the following non-severe impairments: sinusitis, multi-nodular goiter, headaches, and trace dystrophic calcification of anterior superior patella. (*Id.*) However, at step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). She can frequently balance, as well as occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant can never climb ladders, ropes, or scaffolds. She can frequently handle and finger bilaterally. In addition, the claimant can work in an environment that does not require stringent production or fast pace. She can perform tasks that involve work primarily with things and no people, but incidental interaction is not precluded.

(R. 24.) In making this assessment, the ALJ found Plaintiff's statements about the severity of her symptoms "not consistent with the evidence as a whole." (R. 25.) At step four, the ALJ concluded Plaintiff could not perform any past relevant work.

5

(R. 30.) At step five, the ALJ determined jobs exist in significant numbers in the national economy that Plaintiff could perform and listed egg washing machine tender, box sealer inspector, and office helper as potential occupations. (R. 31.)

V. Review

### A. The Listings

The ALJ determined that Plaintiff's impairments, taken alone or in combination, do not meet the requirement for a "listing," as set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Substantial evidence supports this determination.

The ALJ extensively reviewed Plaintiff's medical records to determine if she had a physical impairment that met the severity of any listing. (R. 23, 26-28.) The ALJ reviewed Plaintiff's orthopedic records, primary care records, and treatment notes from July 2013 through January 2015. (*Id.*) The ALJ considered listings 1.02 (major dysfunction of a joint) and 1.04 (nerve root compression) and concluded that the medical evidence in the record did not support a finding that Plaintiff's physical impairments met or equaled either of those listings. Having reviewed the medical documents that address Plaintiff's physical conditions, there is no inconsistent evidence and there is substantial evidence to support the ALJ's determination in this regard. (R. 315-18, 323-83, 386-91, 409-11, 416-512.)

The ALJ also reviewed medical and psychological records to determine if Plaintiff had a mental impairment that would qualify as a listing. (R. 23.) The ALJ identified no evidence in the record indicating that Plaintiff suffered from marked limitations or extended periods of decompensation required to qualify for a mental

impairment listing. (R. 24.) The evidence in the record confirms this. (R. 319-21, 328-83, 386-91, 403-11, 416-516.) Therefore, substantial evidence supports the ALJ's determination that Plaintiff does not suffer from a mental impairment that qualifies as a listing.

### B. RFC

The ALJ considered the above-referenced medical evidence, a Third Party Function Report completed by Plaintiff's daughter, a Function Report completed by Plaintiff, and testimony by Plaintiff at the hearing when assessing Plaintiff's RFC. (R. 24-30, 213-28.) The ALJ explained the weight she assigned to the evidence, including the reason she assigned less weight to the function report submitted by Plaintiff's daughter. (R. 24-30.) The ALJ noted that some of the medical evidence in the record, *viz.* a state agency psychological report submitted by Dr. Ernest Akpaka and state agency medical assessments submitted by Dr. Brett Fox and Dr. W.W. Anderson, suggest that a less restrictive RFC be assessed. (R. 29.) The ALJ selected a more restrictive RFC, thereby crediting some of Plaintiff's testimony about the severity of her impairments.

Based on the record, there is substantial evidence to support the ALJ's finding that Plaintiff can perform light work with the restrictions described above in Section IV.

### C. Step-Five

After concluding at step-four that Plaintiff could not perform any of her past relevant work and that she was limited to light work, the ALJ elicited testimony from

the Vocational Expert ("VE") regarding potential jobs that Plaintiff could perform. (R. 60-66.) As Defendant correctly notes, "courts have repeatedly recognized that jobs existing in far fewer numbers than those cited by the vocational expert are sufficient to meet the Commissioner's burden of proving the availability of employment that a disability claimant is capable of performing." (Def.'s Mem. Supp. Mot. J. Pldgs. [DE #21] at 18) (citing, *inter alia*, *Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) for the proposition that 110 jobs would be viewed as significant for purposes of Social Security Act).

Here, the VE cited potential occupations with more than 5,000 positions in North Carolina. (R. 62-64.) This evidence, in combination with Plaintiff's RFC and the Fourth Circuit's holding in *Hicks*, is sufficient to carry the Commissioner's burden at step-five.

### D. Obligation to Develop Record

The Fourth Circuit has held that an "ALJ has a duty to explore all relevant facts and inquire in the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (citations omitted). Furthermore, the Fourth Circuit has held that this duty is heightened when claimants appear without counsel. *See Craig*, 76 F.3d at 590-91 (quoting *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980)).

Here, the ALJ realized that some of Plaintiff's relevant medical records from her treating physician and treating psychiatrist were not part of the record. (R. 47-

8

48, 51, 66.) The ALJ promised Plaintiff that she would follow up to ensure those records were considered. (R. 66.) Updated records from those doctors were obtained, incorporated into the record, and discussed by the ALJ in her opinion. (R. 26, 28, 263-64, 395-512.) Therefore, the ALJ ably discharged her duty to explore all relevant facts and to obtain additional evidence to assist with a proper determination of Plaintiff's claim.

The ALJ also advised Plaintiff of her right to be represented by an attorney or non-attorney representative and inquired whether Plaintiff wanted to proceed without representation at the administrative hearing. The ALJ informed Plaintiff of the possibility of free legal services available to her through a legal aid program, as well as the possibility of a contingency fee arrangement. Only after Plaintiff stated that she wanted to proceed without representation and confirmed that she had read and signed a waiver of her right to representation did the ALJ proceed with the administrative hearing. (R. 36.) Based upon the record, the undersigned determines that the ALJ discharged her duties to advise Plaintiff of her right to counsel and to develop the record.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's memorandum be STRICKEN and her Motion for Judgment on the Pleadings [DE #19] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE #20] be GRANTED, and the Commissioner's decision be AFFIRMED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **February 28, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 14th day of February 2017.

_____
KIMBERLY A. SWANK
United States Magistrate Judge